In the Matter of the Application of IRENE B. CUNNINGHAM, Widow, Petitioner, for an Award against the VILLAGE OF NEW HARTFORD, ONEIDA COUNTY, NEW YORK, Respondent.

County Court, Oneida County, May 15, 1942.

*William H. Hampton*, for the petitioner.

*Pirnie Pritchard, County Attorney*, for the respondent village.

HANAGAN, J. This is a proceeding brought pursuant to section 205 of the General Municipal Law by Irene B. Cunningham for an award against the village of New Hartford, Oneida county, N. Y., for injuries sustained resulting in the death of her husband, Carson Cunningham, while in the performance of his duties as a volunteer fireman.

On September 8, 1941, about ten-fifteen P. M., the New Hartford fire company received a call to a fire on upper Higby road in the town of New Hartford. Carson Cunningham, deceased husband of the petitioner, a member of said fire company, was at the firehouse when the call arrived. The deceased with other members of the company went to the fire on a fire truck. He assisted in removing furniture from the burning building and putting out the fire and in replacing the furniture in the building. At the fire he wore a rubber coat, rubber boots and a helmet. He became overheated, sweaty and wet. He was in good health at the time he left the firehouse to attend the fire. He asked to ride back in a private car because he was sweaty and because he was cold coming up on the truck. Deceased with others arrived back at the firehouse about midnight. He assisted in cleaning up and caring for the fire apparatus and left the station for his home about one o'clock, arriving home at about the same hour. He went to work the next day. During the morning he stated to his associates in the post office where he was employed that he thought he was coming down with a cold. In the afternoon he stated he was very chilly, and that he had become sweaty cleaning up things after the fire, and that if he did not feel better he would not be in to work the next day. After work he went home, ate nothing, and went to bed.

The next morning, September tenth, Dr. Donahoe, of New Hartford, was called to attend the deceased and found him in bed with a high temperature, rapid respiration, flushed face, complaining of headache and muscular soreness all over the body. The doctor suspected that bronchial pneumonia was developing and treated the patient accordingly. The patient's condition became worse, and Dr. William S. Brady was called in consultation on September

eleventh or twelfth. Dr. Brady obtained the same history concerning the patient's attendance at the fire with the wetting, sweating and overheating, also the chills that followed the next day. He found the high temperature and rapid bounding pulse, indicating to him an acute infection. He concluded that bronchial pneumonia was developing in the right lung. The next day the patient's condition was worse, and he was taken to the hospital where it was definitely concluded by Doctors Brady and Donahoe after laboratory tests that the patient was suffering from bronchial pneumonia in both lungs and from staphylococcus-septicemia, an infection in the blood stream. In spite of all medical effort the patient died of these diseases at the hospital on October 11, 1941.

Subdivision 1 of section 205 of the General Municipal Law provides:

" If an active member of a volunteer fire company in any city, incorporated village or in any fire district of a town outside of an incorporated village or in any part of a town protected by a volunteer fire company incorporated under the provisions of the Membership Corporations Law, or if an active member of any duly organized volunteer fire company, dies from injuries incurred while in the performance of his duties as such fireman or as a member of a fire department emergency relief squad, a fire police squad or a fire patrol within one year thereafter, the city, village, or town shall pay as follows: * * *

" b. * * * the sum of three thousand dollars shall be paid to the widow of such deceased volunteer fireman or to the executor or administrator of his estate if he is not survived by a widow. In addition there shall be paid to the widow of such volunteer fireman for the benefit of such child or children the sum of twenty-five dollars a month for each surviving child, including a posthumous child, of such deceased fireman under the age of eighteen years, but not more than a total of fifty dollars a month for all such children, or if the decedent be not survived by a widow, or if she dies before the payments cease, then such payments for a child or children shall be made to their guardian or to relatives with whom they are living for their benefit."

The last paragraph of subdivision 4 of section 205 of the said law provides: " The word injuries as used in this section shall include any disablement of a volunteer fireman as the direct result of the performance of his duties." This paragraph was added by chapter 724 of the Laws of 1941, effective April 25, 1941. Prior to this amendment there could be no recovery unless there was " an injury " within the statute existing prior to the amendment. (*Trumm* v. *City of Long Beach*, 246 App. Div. 747.)

The question to be decided here is whether the bronchial pneumonia and staphylococcus-septicemia, which disabled and caused the death of Carson Cunningham, was the direct result of the performance of his duties as a volunteer fireman. It is admitted by the respondent that the deceased was an active member in good standing in the volunteer fire company of the village of New Hartford; that said village did provide for said fire company and sanctioned its existence; that such fire company was properly organized under the law; that the petitioner is the widow of the deceased; and that three children all under eighteen years of age and all living were born to the petitioner and her deceased husband; and that heretofore and on or about the 4th day of October, 1941, within sixty days after deceased received injuries as a volunteer fireman, petitioner duly served upon the village of New Hartford notice of her claim setting forth the time, place and cause of the injuries heretofore set forth and the claim of the petitioner, and that such claim had not been paid.

Medical witnesses produced by petitioner testified that in their opinion with reasonable certainty the pneumonia suffered by the decedent was caused by exposure at the fire and that superimposed on the pneumonia was staphylococcus-septicemia, which caused his death.

A medical witness — and the only witness produced by the respondent — testified that " the fatigue may have been the cause that lowered the resistance of the patient so that the germ caused the disease; " also, " the sequence of fatigue followed by pneumonia may have been a coincidence; " and again, " whether the germ would have caused his pneumonia regardless of the exposure, I cannot state." Respondent's medical witness also stated that the exposure was a contributing cause and that it was quite probable that the pneumonia developed from the exposure.

Upon all of the evidence offered, it is the conclusion of this court that the petitioner has shown by a fair preponderance of evidence that the death of the deceased was caused by a disabling illness contracted by him as the direct result of the performance of his duties as a volunteer fireman.

The petitioner, as widow of the deceased fireman, is entitled under the law to an award of $3,000 against the said village of New Hartford. In addition there shall be paid to the widow by said village the sum of fifty dollars each month as long as two children survive under eighteen years of age, and thereafter twenty-five dollars each month until the remaining surviving child reaches eighteen years of age.